IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE J. WHITE, # N62969,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-02596-RJD |
| ) | |
| **ILLINOIS DEPT OF CORRECTIONS,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **and PERCY MEYERS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff George J. White, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center ("Centralia"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that he was not given proper medical treatment while he was a prisoner at Lawrence Correctional Center ("Lawrence") as well as at Centralia, and that his transfer to Centralia was retaliatory (Docs. 1, 9).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). While the Complaint was awaiting this merits review, Plaintiff filed supplementary material, some of which clarifies the claims set forth in the Complaint (Docs.

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

1

9, 10).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): While at Lawrence, between June 1, 2022 and July 31, 2022, Plaintiff suffered from an "abnormal violent cough" and shortness of breath (Doc. 1, p. 10). After four sick call requests, Plaintiff was examined by unidentified Wexford Health Sources, Inc. ("Wexford"), staff who diagnosed him with acid reflux and prescribed Prilosec.

On approximately September 22, 2022, Plaintiff had another onset of severe shortness of breath. Wexford staff advised him it could be fluid on the lungs or possibly pneumonia. The practitioner told him to continue taking Prilosec, and gave him Tums as well. Plaintiff complains that he was subject to a "lapse in care" on this date because he had to wait nearly an hour before an unidentified IDOC officer responded to his call for assistance, after Plaintiff pressed the "panic button" in his cell (Doc. 1, pp. 10-11).

On or about September 26, 2022, Plaintiff had an "episode" that prompted Wexford staff to take a lung x-ray which was "cloudy" (Doc. 1, p. 11). Plaintiff was rushed to Carle Hospital by ambulance, where another x-ray showed he had pneumonia. He asserts this was caused by legionnaire's disease, noting legionella bacteria was found in the water at Lawrence (*Id.*; Doc. 9, p. 4).

On September 29, 2022, Plaintiff had another episode of violent coughing and shortness of breath. He was rushed to the prison infirmary and given an emergency breathing treatment.

Plaintiff wrote letters to the Lawrence Warden (DeeDee Brookhart, who is not a Defendant) on September 22, 2022, and September 24, 2022 regarding these incidents (Doc. 1, pp. 11, 25-27). On or about November 11, 2022, Plaintiff was transferred from Lawrence to Centralia

2

in retaliation for his complaints (Doc. 1, p. 12).

Centralia officials were not equipped to handle Plaintiff's lung issues and did not continue the breathing treatments he had been receiving at Lawrence.

On or about December 17, 2022, Plaintiff was again rushed to the local hospital and then transferred to Deaconess Hospital in Indiana for treatment. He remained there for 21 days, nine of which were in the Intensive Care Unit (Doc. 1 p. 12). After Plaintiff returned to Centralia, officials there did not provide him with the medications or equipment ordered by his pulmonologist and other doctors. Plaintiff needs supplemental oxygen and suffers from panic attacks when his oxygen levels fall too low.

Plaintiff seeks monetary damages (Doc. 1, p. 13).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Sources, Inc., and the Illinois Department of Corrections, for failing to adequately treat Plaintiff's lung/respiratory symptoms during his incarceration at Lawrence Correctional Center between June 1, 2022 and November 11, 2022. |
| Count 2: | Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Sources, Inc., and the Illinois Department of Corrections, for failing to adequately treat Plaintiff's lung/respiratory symptoms during his incarceration at Centralia Correctional Center after November 11, 2022. |
| Count 3: | First Amendment claim against the Illinois Department of Corrections for transferring Plaintiff to Centralia Correctional Center on approximately November 11, 2022 in retaliation for Plaintiff's complaints and/or grievances regarding Lawrence Correctional Center. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading

standard.[2]

## Preliminary Dismissals

The Complaint suggests that Plaintiff may want to pursue a claim against Warden DeeDee Brookhart, but she is not listed in the case caption or in Plaintiff's list of Defendants (Doc. 1, pp. 1-2, 11). The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Conversely, Plaintiff includes Dr. Percy Meyers in his list of Defendants, but he fails to mention Meyers at all in his statement of claim and does not describe what he allegedly did to violate Plaintiff's constitutional rights. (Doc. 1, pp. 2, 10-12). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff is required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Plaintiff has not articulated any claim against Meyers, therefore this Defendant will be dismissed from the action without prejudice.

## Discussion

### Counts 1 and 2

Plaintiff cannot maintain a suit for damages against the Defendant Illinois Department of

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Furthermore, the IDOC cannot be held liable on a "respondeat superior" theory; there is no supervisory liability in a civil rights action under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, the IDOC will be dismissed from the action without prejudice.

Plaintiff's claims against Defendant Wexford also fail. Wexford is a corporation that employs medical-provider staff and furnishes medical care at Lawrence and Centralia, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has not alleged that any individual medical provider either acted or failed to act because of an official policy espoused by Wexford. Accordingly, Plaintiff fails to state a viable claim against Wexford, and Wexford will also be dismissed from the action without prejudice.

Individual prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's

serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Notably, "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original); *see also Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). The Complaint does not set forth facts connecting any individual to Plaintiff's claims of deliberate indifference to his medical conditions. Counts 1 and 2 will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be given an opportunity to amend his Complaint to cure these defects.

### Count 3

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

As with Counts 1 and 2, Plaintiff has not associated any individual with his claim that he was transferred in retaliation for his grievances/complaints filed at Lawrence, and he cannot maintain this claim against the IDOC. Therefore, Count 3 will also be dismissed for failure to state a claim. Plaintiff may re-plead this claim in an amended complaint, in accordance with the instructions below.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant requests the assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion and supplements indicate he has made a reasonable effort to obtain counsel on his own, without success (Doc. 3, pp. 3-4; Doc. 10, p. 1; Docs. 12, 13). As to the second inquiry, Plaintiff states that his education includes "some college," and explains he has a misunderstanding of the law (Doc. 3, p. 2). Nonetheless, the Complaint and attached documents

reflect that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. At this juncture, the Court is merely concerned with whether this action will survive initial screening, and all that is required is for Plaintiff to include factual content regarding the events underlying his claims that identifies the individuals who allegedly violated his rights. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at present, and the motion (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

### Disposition

The Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants Illinois Department of Corrections, Wexford Health Sources, Inc., and Percy Meyers are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with his claims, he shall file his First Amended Complaint within 28 days of the entry of this order (**on or before November 1, 2023**).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to Plaintiff's pleadings. The First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use

the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-cv-02596-RJD)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed without prejudice for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is further **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

To facilitate Plaintiff's compliance with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: October 4, 2023**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**